PETE PASTORIA v. STATE.

No. A-2119.    Opinion Filed November 21 1914.

Appeal from County Court, Pittsburg County;

B. P. Hammond, Judge.

Pete Pastoria was convicted of violating the prohibitory law, and appeals. Reversed.

J. W. Crow and J. R. Miller, for plaintiff in error.

Chas. West, Atty. Gen., and C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was tried and convicted on an information which charged that he did unlawfully have in his possession intoxicating liquor, to-wit, about sixteen gallons of Choctaw beer, with the intent to sell the same, and his punishment assessed at a fine of fifty dollars and thirty days' confinement in the county jail. The first assignment of error is that the court erred in overruling defendant's application for continuance. The application was based on the absence and sickness of the wife of the defendant, who had just given birth to a child, and could not attend court; that if present she would testify that the Choctaw beer did not belong to the defendant, but to two other Italians, who were building a blacksmith shop for the defendant, and on the absence of Alphonso Lanzei and Edward Zaccanti, the parties who were working for the defendant building the shop, and who if present would testify that the Choctaw beer found there belonged to them, that they made it for their own use, and that the defendant had no interest therein. The record shows that the defendant had these two witnesses in attendance the day before the case was called for trial; that at that time it was agreed by and between the county attorney and the defendant's attorneys that the state would not be ready for trial on account of the absence of the 'sheriff who made the seizure; and that the case would be passed, and relying thereon the defendant excused the witnesses, and they left and went home. When the case was called for trial the next day, the court refused to recognize the agreement as made, stating that he would require the state to make a showing in open court why the case should not be tried. We are inclined to think that the defendant had a right to rely on the agreement and that the court exceeded its discretionary power in overruling the application for continuance.

The next assignment is that the evidence is insufficient to support the verdict. We think this assignment is well taken. There is no evidence tending to show that the so called Choctaw beer found on the defendant's premises was intoxicating liquor. On the other hand, the testimony of the witnesses for the state tended to show that it was non-intoxicating.

For the reasons stated it is ordered that the judgment be, and the same is, hereby reversed.